NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br>      v.<br><br>ROGER THEN,<br><br>                   Defendant. | **OPINION & ORDER**<br><br>18-cr-00576 (WHW) |

**Walls, Senior District Judge**

      Defendant Roger Then moves for reconsideration of his sentence. ECF No. 24. Mr. Then pled guilty to one count of an indictment that charged him with a violation of civil rights in violation of 18 U.S.C. § 4 (Misprision of Felony). Specifically, Mr. Then, as a Patterson Police Officer, videotaped his partner, Ruben McAusland, assaulting a hospital patient in the officers' care. Mr. Then also concealed the attack afterwards. On April 2, 2019, this Court sentenced Mr. Then to six months in the custody of the Bureau of Prisons, followed by supervise release of one year. ECF No. 20. Mr. Then was also ordered to pay restitution in the amount of $32, 892.42, due immediately. *Id.* The restitution order was joint and several with Mr. McAusland. *See* ECF No. 26 at 1. Mr. Then challenges the restitution judgment. He argues that under the Mandatory Victim Restitution Act (MVRA), his actions were "not the direct and proximate cause of the injuries caused by Officer McAusland." Mot. Br. at 24. The Government agrees, stating that "the Court should revise its judgment of conviction and vacate the restitution award against [Then]." ECF No. 26 at 1.

      "As its name suggests, the Mandatory Victims Restitution Act, which was enacted by Congress in 1996, mandates that defendants who are convicted of or plead guilty to certain

crimes pay restitution to their victims. The purpose of the statute is, to the extent possible, to make victims whole, to fully compensate victims for their losses, and to restore victims to their original state of well-being." *United States v. Quillen*, 335 F.3d 219, 222 (3d Cir. 2003) (internal quotations omitted). The statute defines as a victim as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2). "[R]estitution must be limited to an amount pegged to the *actual* losses suffered by the victims of the defendant's criminal conduct, and based upon losses directly resulting from such conduct." *Quillen*, 335 F.3d at 226. The Third Circuit has instructed that restitution "should not be ordered in respect to a loss which would have occurred regardless of the defendant's conduct." *United States v. Fallon*, 470 F.3d 542, 549 (3d Cir. 2006). Here, the victim would have been injured regardless of Mr. Then's videotaping of the incident and subsequent concealment of its occurrence.

It is hereby ORDERED that the Court vacates the Restitution portion of its Amended Judgment as to Mr. Then, filed April 16, 2019 (ECF No. 23). Mr. Then owes no restitution.[1]

DATE: 5 June 2019

William H. Walls
Senior United States District Court Judge

---

[1] This order as to Mr. Then has no effect on Mr. McAusland's restitution order, which stands in full.